**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
─────────────────────────────────

**UNITED STATES OF AMERICA,**

        **- against -**             **20-cr-109 (JGK)**

**MARVIN GAMONEDA,**           **MEMORANDUM OPINION AND**
                                         **ORDER**
                    **Defendant.**
─────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The pro se petitioner, Marvin Gamoneda, moves pursuant to
28 U.S.C. § 2255 to vacate his plea of guilty. Pet'r's Mot., ECF
No. 120. On March 15, 2021, the petitioner pleaded guilty to
Counts 3 and 4 of the seven-count indictment against him
pursuant to a plea agreement. See Plea Tr. at 4, ECF No. 108.
The indictment arose out of an incident on June 7, 2018, in
which the petitioner shot a victim near a playground in the
Bronx, New York, and, in the course of doing so, also wounded a
young bystander. Indictment at ¶¶ 10, 13, ECF No. 2. The
indictment alleged that the shooting was in furtherance of a
racketeering activity that included the sale of marijuana and
other drugs. Id. ¶ 4. Count 3 charged the petitioner with
attempted murder and assault with a deadly weapon in aid of
racketeering, in violation of 18 U.S.C. §§ 1959(a)(3), (a)(5),
and 2. Id. ¶ 13. Count 4 charged the petitioner with the use and
possession of a firearm that was brandished and discharged, in
relation to the violent crime of racketeering activity in Count

3 in violation of 18 U.S.C. §§ 924(c)(I)(A)(i), (ii), (iii), and 2. Id. ¶ 14. But the petitioner pleaded guilty to the lesser included offense of possessing the firearm rather than brandishing and discharging the firearm, Plea Tr. at 31, thereby reducing the mandatory minimum consecutive sentence of imprisonment for that count to a five-year mandatory minimum consecutive sentence, from a fifteen-year mandatory minimum consecutive sentence. Montgomery Aff. at ¶ 8, ECF No. 127. Pursuant to the plea agreement, the Guideline Sentencing Range for Count 3 was 135 to 168 months' imprisonment, and there was a sixty months' mandatory consecutive term of imprisonment for Count 4, so that the Guideline Sentencing Range was 195 to 228 months' imprisonment. Sentencing Tr. at 21, ECF No. 106. The Court ultimately sentenced the petitioner principally to a sentence of 156 months' imprisonment consisting of 96 months' imprisonment on Count 3 and 60 months' imprisonment on Count 4, Sentencing Tr. at 25, less than the mandatory minimum sentence of 180 months' imprisonment had the petitioner been convicted of the original offense charged in Count 4, Montgomery Aff. at ¶ 8, and not including the possible sentences on all the other counts in the indictment. The petitioner now alleges that he received ineffective assistance of counsel because his counsel failed to investigate his case adequately. There is no merit to the petitioner's contention, and the petition is therefore **denied.**

**I.**

The petitioner was represented by Kenneth J. Montgomery, a very experienced defense counsel who was appointed to represent the petitioner in or around November 2020.[1] Montgomery Aff. at ¶ 2. Mr. Montgomery reviewed the extensive discovery in the case that included Government representations about the testimony of at least one cooperating witness as well as video surveillance of the shooting. Id. ¶ 4. As part of the investigation, Mr. Montgomery hired a private investigator. Id. ¶ 6. Mr. Montgomery concluded that the Government would be able to present sufficient evidence to get its case to a jury and likely secure the petitioner's conviction on all counts of the indictment. Id. ¶ 5. Mr. Montgomery proceeded to negotiate a plea agreement with the Government that included a plea of guilty to only two counts of the seven-count indictment, and a plea that provided for a five-year mandatory minimum term of imprisonment on Count 4, rather than the fifteen-year mandatory minimum sentence of imprisonment for Count 4 as charged in the indictment. Id. ¶ 8. The plea agreement provided that the Guideline Sentencing Range was 135 to 168 months' imprisonment on Count 3 and sixty months' imprisonment on Count 4 (the mandatory minimum sentence), for a

---

[1] While the petitioner was previously represented by another attorney, that attorney was not involved in the negotiation of the plea agreement, the guilty plea allocution, or the sentencing, and none of the prior representation could have prejudiced the petitioner.

total Guideline Sentencing Range of 195 to 228 months'
imprisonment. Id. ¶ 9. Mr. Montgomery sent the plea agreement
dated February 7, 2021, to the petitioner and explained the
terms to the petitioner. Montgomery Letter to Pet'r, ECF No.
120. The petitioner and Mr. Montgomery signed the plea agreement
on March 15, 2021, the date of the plea allocution. Plea Tr. at
4.

In the course of the plea proceeding, the petitioner
admitted under oath that he had discussed the case and the
consequences of pleading guilty with Mr. Montgomery and was
satisfied with Mr. Montgomery's representation of him. Id. at 9.
After advising the petitioner of his constitutional rights, the
Court reviewed with the petitioner the charges to which he was
pleading guilty, the elements of those offenses, and the maximum
sentence for those offenses. Id. at 13-19. The Court also
determined that the petitioner had read and understood the plea
agreement, and had discussed it with his lawyer, and that no one
had made any threats or promises to him to get him to enter into
the plea agreement. Id. at 23-25. Mr. Montgomery affirmed that
he knew of no valid defense that would prevail at the trial of
the petitioner. Id. at 26-27. The petitioner then admitted under
oath as follows: "I was part of an organization that is
mentioned in the indictment. As a member of the organization I
sold marijuana. I also participated in an attempt[ed] murder on

4

or about June 7, 2018. . . . There was two people injured. In
that incident I carried and fired a firearm. . . . The attempted
murder was in retaliation for a prior incident in which I was
shot by a rival gang member." Id. at 27-28. The petitioner also
admitted that the organization sold controlled substances,
including marijuana, and that the attempted murder was in
furtherance of the activities of the organization and to
maintain his position in the organization, and that his
possession of the firearm was in relation to and in furtherance
of the violent crime that he described. Id. at 28-29. The
petitioner pleaded guilty to the crime charged in Count 3 and
the lesser included crime charged in Count 4 of the indictment.
Id. at 31. The Court determined that the petitioner was pleading
guilty knowingly and voluntarily and of his own free will. Id.
at 33-34.

Mr. Montgomery hired a mitigation expert and submitted an
extensive sentencing submission to the Court. Sentencing Tr. at
4. At sentencing, on October 15, 2021, after listening to
lengthy presentations from Mr. Montgomery and the petitioner, as
well as the Government, the Court determined that the Guideline
Sentencing Range was 135 to 168 months' imprisonment on Count 3
with a mandatory minimum consecutive sentence of 60 months'
imprisonment on Count 4, for a total of 195 to 228 months'
imprisonment. Id. at 21. Despite the seriousness of the offense,

the Court varied downwardly to a sentence principally of 96 months' imprisonment on Count 3, to be followed by a sentence of 60 months' imprisonment on Count 4 for a total sentence of 156 months' imprisonment. Id. at 25. The Court took into account the petitioner's learning disability, difficult childhood, and lengthy and difficult conditions of confinement. Id. at 21-22. The sentence was 39 months less than the lower end of the Guideline Sentencing Range, Sentencing Tr. at 21, and 24 months less than the mandatory minimum sentence for the crime charged in Count 4 alone to which the petitioner would have been subjected without the plea agreement, Montgomery Aff. at ¶ 8.

## II.

### A.

Criminal defendants are entitled to "effective assistance of competent counsel,"[2] including during the plea-bargaining process. Padilla v. Kentucky, 559 U.S. 356, 364 (2010). Ineffective assistance of counsel during plea negotiations can invalidate a guilty plea "to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of [the] defendant's decision to plead guilty." United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005). To establish that he has been denied effective assistance of counsel, the

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

petitioner must show both that (1) his counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time, and that (2) counsel's deficient performance prejudiced the petitioner. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Gersten v. Senkowski, 426 F.3d 588, 607 (2d Cir. 2005); Ottenwarde v. United States, No. 12-cv-6537, 2013 WL 1242632, at *6 (S.D.N.Y. Mar. 28, 2013). To meet the second prong of the Strickland test, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Where a defendant challenges a guilty plea on the basis of alleged infective assistance of counsel, the defendant must show that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. See Castillo v. United States, No. 19-cr-428, 2023 WL 6622071, at *4 (S.D.N.Y. Oct. 11, 2023).

**B.**

The petitioner does not dispute that he knowingly and intentionally shot the victim. Indeed, he swears that he told defense counsel that he was prepared to plead guilty to Counts 4 and 5 of the indictment. Gamoneda Aff. at ¶ 7, ECF No. 120.

Count 5 charged a conspiracy in violation of 21 U.S.C. § 846 to distribute and to possess with intent to distribute marijuana in violation of 21 U.S.C. § 841(b)(1)(D), for which the maximum term of imprisonment is five years. Count 4 is one of the two charges to which the petitioner actually pleaded guilty, and it charged the petitioner with having discharged a firearm during and in relation to a violent crime, namely the violent crime of racketeering activity charged in Count 3, and as charged, had a potential maximum sentence of life imprisonment, and a mandatory minimum consecutive sentence of 15 years' imprisonment. But the thrust of the petitioner's submission is that his shooting of the victim was caused by personal reasons, namely retaliation for the fact that the victim had previously shot the petitioner, and not in relation to the racketeering activity charged in Count 3. Id. ¶ 8.

However, the petitioner's argument presents no plausible basis for a claim of ineffective assistance of counsel. The Government presented defense counsel with substantial evidence that the petitioner shot the primary victim at least in part to maintain his position in a racketeering enterprise, namely the gang that sold marijuana and other drugs, as charged in Count 3. See Montgomery Aff. at ¶¶ 4-6. It was not necessary for the Government to prove that a personal motive played no role in the petitioner's shooting of the victim.

8

At trial, the Government would have been obligated to prove that the petitioner's "general purpose in committing the crime of violence was to maintain or increase his position in the enterprise." United States v. Thai, 29 F.3d 785, 817 (2d Cir. 1994). But this motive "need not have been the defendant's only, or even his primary, concern, if it was committed as an integral aspect of membership" in the gang. Id. (quoting United States v. Concepcion, 983 F.2d 369, 381 (2d Cir. 1992)). A person violates 18 U.S.C. § 1959 if the person engaged in the violent act "because it was expected of them as a way of taking care of each other . . . as members of the [o]rganization," even if "[p]ersonal beefs also may have been satisfied[.]" United States v. Burden, 600 F.3d 204, 221 (2d Cir. 2010).

Moreover, the same evidence would have supported the charge in Count 4 of the indictment, namely that the petitioner possessed, brandished, and discharged a firearm in furtherance of the crime of violence charged in Count 3 of the indictment; and the petitioner pleaded guilty to the lesser included offense in Count 4, namely that he possessed the firearm in furtherance of the crime charged in Count 3.

Not only did the evidence support the crimes to which the petitioner pleaded guilty, but the petitioner admitted the elements of those charges in his plea allocution, and the petitioner's sworn statements in support of his plea are

entitled to great weight. See United States v. Maher, 108 F.3d
1513, 1530 (2d Cir. 1997).

The petitioner also argues that he had character evidence
that could have been pursued. But there is no plausible argument
that character evidence would have been sufficient to overcome
the evidence against the petitioner.

Finally, there is no plausible argument that any
investigation by defense counsel would have resulted in a more
favorable result for the petitioner. The petitioner argues that
he would have pleaded guilty to other charges, but there is no
evidence that the Government would have accepted a plea to
charges involving a lesser offense given the severity of the
crimes to which the petitioner admitted. And there is no
plausible argument that the petitioner would have gone to trial
on the seven-count indictment which included a charge with a
mandatory minimum consecutive sentence of fifteen years'
imprisonment on Count 4 and numerous other terms of imprisonment
on the other counts. And the ultimate sentence that the
petitioner received was less than the fifteen-year mandatory
minimum term on Count 4 that the petitioner would have received
had the petitioner not accepted the plea agreement and been
convicted after trial.

C.

The petitioner has failed to show that there is a "reasonable probability that but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). See Agramonte v. United States, Nos. 15-cr-176, 16-cv-6678, 2020 WL 1445651, at *6 (S.D.N.Y. Mar. 25, 2020) (finding that the "[p]etitioner [was] boxed out from establishing prejudice given the Plea Agreement and his statements during the plea allocution"); Padilla v. Keane, 331 F. Supp. 2d 209, 217 (S.D.N.Y. 2004) ("In effect, no prejudice exists when a plea agreement lessens the severity of the sentence defendant would face if convicted at trial."); DeLeon v. United States, Nos. 00-cr-1236, 02-cv-9745, 2003 WL 21769836, at *6, (S.D.N.Y. July 30, 2003) ("[The petitioner] cannot show . . . prejudice because . . . he received a considerable benefit under the terms of his plea agreement."). In this case, by accepting the plea agreement and pleading guilty, the petitioner avoided a mandatory sentence that exceeded the sentence he did receive. There is no plausible argument that but for counsel's alleged error the petitioner would have chosen to go to trial. Accordingly, the petitioner's arguments regarding ineffective assistance of counsel fail to allege prejudice.

**CONCLUSION**

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the motion, filed under 28 U.S.C. § 2255, is **denied.** Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue). The Clerk is directed to close ECF No. 120 in 20-cr-109. The Clerk is also directed to close 22-cv-6090. The Clerk is requested to mail a copy of this Memorandum Opinion and Order to the pro se petitioner and to note service on the docket of the Court.

**SO ORDERED.**

Dated:    **New York, New York**
          **November 6, 2023**

                                        **John G. Koeltl**
                              **United States District Judge**

12